SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF NASSAU  
===========================X  
MICHAEL PAPADATOS,

      Plaintiff,

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

      Defendants.  
===========================X

Date Filed:  
Index No.:

**SUMMONS**

Plaintiff designates  
Nassau County  
as place of trial

The basis of the venue is:  
Situs of Occurrence

To the above named defendants:

 YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York  
   November 12, 2020

The nature of this action is for injuries sustained as a result of the defendants' negligence. The relief sought is monetary damages.

           ELEFTERAKIS, ELEFTERAKIS & PANEK

           -----------------------------------  
           BY: NICHOLAS ELEFTERAKIS, ESQ.  
           Attorneys for Plaintiff  
           80 Pine Street, 38th Floor  
           New York, N.Y. 10005  
           (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from January 22, 2020.**

**Defendant:**  
HOME DEPOT U.S.A., INC.  
C/O Corporation Service Company  
80 State Street  
Albany, NY 12207-2543

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road
Atlanta, Georgia 30339-4053

HOME DEPOT
86 Jericho Turnpike
Jericho, NY 11753

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
============================X
MICHAEL PAPADATOS,

        Plaintiff,

Date Filed:
Index No.:

**VERIFIED COMPLAINT**

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

        Defendants.
============================X

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, **MICHAEL PAPADATOS**, at all times herein mentioned was and still is a resident of the State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

4. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, maintained a principal place of business in the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, conducted and carried on business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, transacted business within the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

9. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

11. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT**, maintained a principal place of business in the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT**, conducted and carried on business in the State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT**, transacted business within the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT**, expected or should have reasonably expected its acts to have consequences

in the State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** owned the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** was a lessor of the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** was a lessee of the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** operated the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** maintained the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

21. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** controlled the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

22. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** managed the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

23. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**HOME DEPOT U.S.A., INC.,** supervised the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

24. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** inspected the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** repaired the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.** was responsible for the repair and maintenance of the premises located at 86 Jericho Turnpike, in the County of Nassau and State of New York.

27. That at all times herein mention, the Defendant, **HOME DEPOT U.S.A., INC.,** allowed the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York, to become and remain in a defective and dangerous condition.

28. That at all times herein mention, Defendant, **HOME DEPOT U.S.A., INC.,** allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

29. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** owned the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

30. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** was a lessor of the premises located at 86 Jericho Turnpike, in the County

of Nassau, State of New York.

31. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** was a lessee of the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

32. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** operated the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

33. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** maintained the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

34. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** controlled the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** managed the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** supervised the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

37. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** inspected the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

38. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**HOME DEPOT** repaired the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York.

39. That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT** was responsible for the repair and maintenance of the premises located at 86 Jericho Turnpike, in the County of Nassau and State of New York.

40. That at all times herein mention, the Defendant, **HOME DEPOT** allowed the premises located at 86 Jericho Turnpike, in the County of Nassau, State of New York, to become and remain in a defective and dangerous condition.

41. That at all times herein mention, Defendant, **HOME DEPOT** allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

42. That on or about January 22, 2020, the plaintiff, **MICHAEL PAPADATOS,** was on the aforesaid premises.

43. That on or about January 22, 2020, solely as a result of Defendants' negligence, carelessness and recklessness, Plaintiff, **MICHAEL PAPADATOS**, was caused to be seriously injured when he was struck by falling debris/objects while lawfully on Defendants' premises.

44. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, the aforesaid premises without the plaintiff in any way contributing thereto.

45. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly

permitting, suffering and allowing the premises to remain in a destructive and dangerous condition, without the plaintiff in any way contributing thereto.

46. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

47. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **MICHAEL PAPADATOS**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48. That by reason of the foregoing, the plaintiff, **MICHAEL PAPADATOS,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MICHAEL PAPADATOS,** will necessarily incur similar expenses.

49. That by reason of the foregoing, the plaintiff, **MICHAEL PAPADATOS**, has been unable to attend to his usual occupation in the manner required.

50. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

51. That as a result of the foregoing, the plaintiff, **MICHAEL PAPADATOS**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident.

Dated: New York, New York
November 12, 2020

Yours, etc.

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:_____
Nicholas Elefterakis
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                              )
COUNTY OF NEW YORK ) SS:

      The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

      That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

      That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

      That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

      The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
         November 12, 2020

                                                    Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MICHAEL PAPADATOS,

                Plaintiff,

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

                Defendants.

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

**Summons and Verified Complaint**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
      November 12, 2020

                              Nicholas Elefterakis, Esq.

PLEASE TAKE NOTICE
( )    that the within is a (certified) true copy of a Notice of    entered in the Office of the clerk of the within Entry named Court on

       ( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.    one of the Judges of the Settlement within named Court, on , at

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116