UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL PAPADATOS,

                Plaintiff,                  **ORDER**

    -against-                      21-CV-3208 (WFK) (JMW)

HOME DEPOT U.S.A, INC. and HOME
DEPOT,

                Defendants.
------------------------------------------------------------X

Nicholas Elefterakis
Brian James Vannella
Jeffrey Brian Bromfeld
Johnson Lassiter Atkinson
**Elefterakis Elefterakis & Panek P.C.**
80 Pine Street, 38th Floor
New York, NY 10005
*For Plaintiff*

Steven Richard Montgomery
David M. Pollack
Manuel Palaguachi
**Lewis Brisbois Bisgaard & Smith LLP**
77 Water Street, 21st Floor
New York, NY 10005
*For Defendants*

**WICKS,** Magistrate Judge:

        Plaintiff Michael Papadatos commenced this personal injury action against Defendants on November 11, 2022, in the Supreme Court, County of Nassau, with the assistance of his attorneys Elefterakis, Elefterakis & Panek, P.C. ("EEP"). (*See* DE 1, Ex. 1.) On June 7, 2021, the matter was removed from state court with EEP remaining as counsel to Plaintiff. (*See* DE 1; Electronic Order, dated June 9, 2021.) Now before the Court is EEP's motion, made by Order to Show Cause and Affidavit of Nicholas Elefterakis in Support of Application for Order to Show Cause, to

1

withdraw as counsel and to affix a charging lien ("OTSC"). (DE 19.)

EEP filed the OTSC to be relieved as counsel on May 16, 2022. (*Id.*) On May 17, 2022, the undersigned ordered that any opposition to the OTSC be filed on or before May 27, 2022, and that a copy of the OTSC be served upon Plaintiff on or before May 26, 2022. (DE 20.) On May 29, 2022, EEP filed an Affidavit of Service reflecting service of the OTSC on Plaintiff. Plaintiff has not filed any opposition.

## DISCUSSION

### I. EEP's Motion to Withdraw

EEP seeks withdrawal from representing Plaintiff because of a complete breakdown in the communication and relationship between EEP and Plaintiff. (DE 19, Ex. 1 at ¶ 4.) EEP contends that as a result of this breakdown, the attorney-client relationship has deteriorated. (*Id.*) EEP has made numerous attempts, through various avenues and methods, to gain Plaintiff's cooperation in EEP's representation of him, but to no avail. (*Id.* at ¶ 5.) In short, the lack of communication has made it unreasonably difficult, says EEP, to continue to represent Plaintiff.

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion

2

of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 05 CV 1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). New York's Rules of Professional Conduct ("NYRPC")[1] differentiate between mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]) bases for withdrawal. Plaintiff's counsel's reason for withdrawal – a breakdown in the attorney-client relationship – is encompassed within the permissive category. S*ee* NYRPC rule 1.16[c][7].[2] The American Bar Association Code of Professional Responsibility provides that grounds for permissive withdrawal of representation include when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id.* at 1.16(b)(6). The question remains, however, whether the proffered reason is sufficiently detailed to grant the requested relief. *See* ABA Formal Op. 476 (2016) ("The more difficult question is when is a lawyer permitted to disclose any confidential client information in filing a motion to withdraw, and if so, how much. The tension between a lawyer's obligation to provide the court with sufficient facts to rule on a motion and the lawyer's duty of confidentiality has been characterized in one treatise as 'a procedural problem that has no fully satisfactory solution'") (citations omitted).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant a motion to withdraw. *Tokarz v. LOT Polish Airlines*, 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *see also Naguib v. Pub. Health Sols.*, No. 12 CV 2561(ENV)(LB)., 2014 WL

---

[1] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343(RA)., 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[2] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *Steele*, 2012 WL 6641491, at *2.

2002824, at *1 (E.D.N.Y. May 15, 2014) (finding that satisfactory reasons for withdrawal include "the existence of an irreconcilable conflict between attorney and client") (citations omitted).

Here, EEP asserts that there has been a complete breakdown in communication despite EEP's attempts to secure Plaintiff's cooperation. (DE 19, Ex. 1 at ¶¶ 4-5.) EEP further avers that Plaintiff's refusal to cooperate and work with EEP regarding substantive issues in this matter have impacted EEP's ability to effectively represent Plaintiff. (*Id.* at ¶¶ 7, 12.) According to EEP, the breakdown in relationship has rendered its representation of Plaintiff unreasonably difficult to continue. (*Id.* at ¶ 7.) Indeed, EEP attributes the breakdown in relationship to "irreconcilable conflicts" which prevent EEP from further effectively representing Plaintiff in this matter. (*Id.* at ¶ 12.) Even if these reasons alone may not be sufficient, when considering these reasons coupled with no opposition from the client, the Court concludes there are sufficient grounds for withdrawal.³ This conclusion is further supported by the fact that this action is not trial-ready. *See Whiting*, at 321 (finding that granting motion to withdraw would not cause undue delay because discovery was not complete and trial was not scheduled) (citation omitted). In fact, as EEP points out, the status of this case will not be inhibited, nor will the suit be disrupted if EEP withdraws as counsel at this pre-trial stage where depositions have not yet occurred. (*See* DE 19, Ex. 1 at ¶ 14.) Accordingly, the Court finds that counsel for Plaintiff has demonstrated satisfactory reasons for withdrawal.

## II. EEP's Application for a Charging Lien

EEP further asserts a charging lien on the work it performed in this action to date. (*Id.* at

---

³ The Court does not find that further detail is required to determine the instant motion. *See Ivic v. Advance Stores Company Incorporated*, 19-CV-00509, DE 147 at 4-5 (DG) (JMW), (E.D.N.Y. Feb. 16, 2022) (finding that although lawyers who move for withdrawal based on a breakdown of the attorney-client relationship must be careful not to reveal confidential or privileged information while also adequately articulating their basis for withdrawal, an affidavit in further detail was not necessary).

¶ 15.) "Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Naguib v. Pub. Health Sols.*, No. 12 CV 2561 ENV LB, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010). Section 475 of the New York Judiciary Law, provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action. . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

"The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." *Stair*, 722 F. Supp. at 267 (quotes omitted).

Attorneys who withdraw are still entitled to charging liens so long as they withdraw for "good cause." *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *4 (S.D.N.Y. Dec. 3, 2020). Under New York law, good cause for withdrawal exists "where there are irreconcilable differences with respect to the proper course to be pursued in the litigation. . . or where the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate." (*Id.*).

EEP has clearly demonstrated that the relationship between EEP and Plaintiff has deteriorated and that irreconcilable differences regarding substantive matters have resulted in EEP inability to continue its representation of Plaintiff. (Point I, *supra*). EEP has withdrawn with good cause and is entitled to a charging lien.

5

"In determining the amount of a withdrawing attorney's charging lien, the outgoing attorney may either elect to take compensation on the basis of a fixed dollar amount, calculated based upon quantum meruit to approximate the reasonable value of his or her services, or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case." *Naguib*, 2014 WL 2002824, at *2.

Here, EEP does not state the amount of the charging lien but requests a determination of amount of the lien at the conclusion of the case. (DE 19, Ex. 1 at ¶ 15.) Because it is within the sound discretion of the Court to defer ruling on the amount of the lien, the Court exercises its discretion here and defers ruling on the amount of the charging lien until the conclusion of the case. *See, e.g. Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 370 (S.D.N.Y. 2018), *aff'd sub nom. Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins*, P.C., 827 F. App'x 35 (2d Cir. 2020) ("The Court therefore exercises its discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined"); *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *5 (S.D.N.Y. Dec. 3, 2020) ("Although [attorney] seeks a charging lien in the amount of $193,638.19, the Court exercises its discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined.")

## **CONCLUSION**

For the reasons stated, EEP's motion to withdraw and to affix a charging lien is granted. The Court defers ruling on the amount of the lien until the amount to be recovered by Plaintiff, if any, has been finally determined. All proceedings in this case are stayed until June 30, 2022, so that Plaintiff may retain new counsel or advise the Court of the intention to proceed *pro se*. Outgoing counsel, EEP, is directed to serve a copy of this Order upon Plaintiff at the last known

address and last known email address, and file proof of service on ECF on or before June 14, 2022.

A status conference will be held before the undersigned on July 6, 2022 at 4 p.m. by telephone.

Dial-in instructions will be provided in the ECF post.

Dated: Central Islip, New York
       June 10, 2022

                                            **S O   O R D E R E D:**

                              /S/ *James M. Wicks*
                                JAMES M. WICKS
                          United States Magistrate Judge